**E-Filed 1/19/2011**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| AMYLEA ENG,<br><br>        Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA, N.A., et al.<br><br>        Defendants. | Case Number 5:11-0279 JF (HRL)<br><br>ORDER[1] DENYING *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION<br><br>Re: Docket No. 1 |

Plaintiff Amylea Eng, proceeding *pro se*, filed a complaint against Bank of America, N.A., Wells Fargo Home Mortgage, Stewart Title Co. of San Diego, and American Securities Co., alleging violations of the Truth in Lending Act ("TILA") and related claims. Among other things, Eng seeks a temporary restraining order ("TRO") enjoining Defendants from foreclosing upon and selling her property located at 2305 Mabury Road, San Jose, California, 95133. The record indicates that Defendants have not received notice of Eng's request for a TRO. Because Eng has not explained why a restraining order should be granted without notice to Defendants,

---

[1] This disposition is not designated for publication in the official reports.

the request will be denied, and a hearing will be set on Eng's motion for a preliminary injunction.

The standard for issuing a TRO is the same as that for issuing a preliminary injunction. *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Hawaii 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 376 (2008). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate [1] 'that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter*, 129 S. Ct. at 374)). The Ninth Circuit recently reaffirmed that within this framework a preliminary injunction also is appropriate when a plaintiff demonstrates "that serious questions going to the merits were raised and the balance of the hardships tips sharply in the plaintiff's favor," thereby allowing district courts to preserve the status quo where difficult legal questions require more deliberate investigation. *Alliance for the Wild Rockies v. Cottrell*, 613 F.3d 960 (2010).

A TRO may be issued without notice to the adverse party *only if* "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Moreover, in this district an applicant for a TRO must give notice to the adverse party "[u]nless relieved by order of a Judge for good cause shown, on or before the day of an *ex parte* motion for a temporary restraining order." Civ. L.R. 65-1(b).

Eng has not shown that Defendants have received actual notice of the instant application, nor has she shown that "immediate and irreparable injury" would result if a TRO is not issued before Defendants can be heard in opposition. The complaint does not allege when the

foreclosure is set to occur or set forth other facts that would show the emergency nature of the application.

**ORDER**

Good cause therefor appearing, IT IS HEREBY ORDERED that:

1. The application for a TRO is DENIED;

2. On or before January 24, 2011, Eng shall serve Defendants with a copy of the complaint and a copy of this Order; and

3. Eng's motion for preliminary injunction is set for hearing on February 4, 2011, at 9 a..m. Defendants may file a brief in opposition to the motion for preliminary injunction on or before January 31, 2011.  Plaintiff may file a reply on or before Feburary 2, 2011.

DATED: January 19, 2011

JEREMY FOGEL
United States District Judge

Case No. C 5:11-0279 JF (HRL)
ORDER DENYING *EX PARTE* APPLICATION  FOR TEMPORARY RESTRAINING ORDER
(JFLC3)

1 | A copy of this order has been sent to:

2 | Amylea S. Eng
3 | 2305 Mabury Road
    | San Jose, CA 95113

Case No. C 5:11-0279 JF (HRL)
ORDER DENYING *EX PARTE* APPLICATION  FOR TEMPORARY RESTRAINING ORDER
(JFLC3)